## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JODI HAMMEL<br>3300 Neshaminy Boulevard<br>Apartment 305<br>Bensalem, PA 19020 | :<br>:<br>:<br>:   CIVIL ACTION<br>: |
|     Plaintiff, | :<br>:   No.: |
|   v. | :<br>:   **JURY TRIAL DEMANDED** |
| GREENWOOD GAMING AND<br>ENTERTAINMENT, INC. d/b/a PARX<br>CASINO<br>3001 Street Road<br>Bensalem, PA 19020 | :<br>:<br>:<br>:<br>: |
|     Defendant. | :<br>: |

### CIVIL ACTION COMPLAINT

Plaintiff, Jodi Hammel (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.  Introduction

1.  Plaintiff has initiated this action to redress violations by Defendant of the American's with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and applicable state law(s). Plaintiff was unlawfully terminated by Defendant and she suffered damages more fully described/sought herein.

## II.   Jurisdiction and Venue

2.      This action is initiated pursuant to a federal law.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.  Plaintiff will amend her instant lawsuit to include claims under the PHRA after she has properly exhausted her state claims before the Pennsylvania Human Relations Commission.

### III.   Parties

6.    The foregoing paragraphs are incorporated herein their entirety as if set forth in Full.

7.    Plaintiff is an adult who resides at the above-captioned address.

8.    Defendant Greenwood Gaming and Entertainment, Inc. (hereinafter "Defendant Corporation") is a corporation that owns and operates a racetrack, turf clubs, and a casino

9.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.   Factual Background

10.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11.    Plaintiff was employed by Defendant for approximately three months.

12.    Plaintiff worked in security for Defendant.

13.    Plaintiff was employed by Defendant at its Parx Casino location in Bensalem, Pennsylvania.

14.    Plaintiff has and continues to suffer from health conditions including but not limited to a back problems (i.e. degenerative disc disease and other problems),which requires ongoing medication and treatment.

15.    During Plaintiff's employment with Defendant, Plaintiff notified Defendant's management of her back problems.

16.    Plaintiff requested an accommodation from Defendant's management for her back problems including but not limited to light duty work accommodations for a short period of time.

17.     Defendant provided Plaintiff light duty accommodations for a short period of time of approximately five or six weeks.

18.     Despite already being placed on light duty work accommodations, Plaintiff was told by Defendant's management that light duty accommodations were no longer available at her work location.

19.     Defendant's management also made insensitive and discriminatory comments about Plaintiff's work abilities and back problems.

20.     On or about March 20, 2011, Plaintiff was treated at the hospital for health issues relating to her back problems.

21.     On or about March 20, 2011, Plaintiff notified Defendant's management of her health problems and related hospital visit, and that she would be returning to work in a few days.

22.     On or about March 20, 2011, during Plaintiff's aforementioned communication with Defendant's management, Defendant's management asked Plaintiff (in a derogatory manner) if she was prescribed narcotics.

23.     On or about March 22, 2011, in very close proximity to Plaintiff's hospitalization for her health conditions, Defendant terminated Plaintiff.

24.     Defendant terminated Plaintiff because of her actual or perceived health conditions and/or her requests for accommodations.

**Count I**
**Violations of the Americans With Disabilities Act ("ADA")**
**(Actual & Perceived Disability Discrimination / Failure to Accommodate)**

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     Plaintiff suffered from serious health conditions that required ongoing treatment, and Defendant terminated Plaintiff because of her disabilities and/or because of her perceived disabilities.

27.     Defendant failed to engage in a good-faith interactive process with Plaintiff about multiple types of accommodations: (1) intermittent time off from work; (2) her light-duty needs; and (3) the possibility of giving her an alternative position within Defendant.

28.     Plaintiff had disabilities that substantially limited life activities as set forth in this Complaint, including but not limited to a back problems.

29.     Although Plaintiff had disabilities she was in fact able to perform the essential functions of her job and to work for Defendant.

30.     Defendant's failure to properly accommodate Plaintiff and her termination due to her known and/or perceived health problems constitute violations of the ADA.

### Count II
### Violations of the Americans With Disabilities Act ("ADA")
#### (Retaliation – Wrongful Termination)

31.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

32.     Plaintiff requested a reasonable accommodation from Defendant, namely periodic time off from work for medical treatment relating to her serious health condition and/or light duty.

33.     Plaintiff was terminated by Defendant because of her requested accommodation(s).

34.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable

law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF & KARPF, P.C.**

By: _____

Ari Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 16, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

_Jodi Hammel_ : CIVIL ACTION

_Greenwood Gaming and Entertainment, Inc._
_d/b/a Parx Casino_ : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

_12/10/2011_ _____     _Ari R. Karpf_ _____     _Plaintiff_ _____
**Date**                          **Attorney-at-law**                 **Attorney for**

_215.639.0801_               _215.639.4970_               _akarpf@karpf-law.com_
**Telephone**                    **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3300 Neshaminy Blvd, Apt 305, Bensalem PA 19020

Address of Defendant: 3001 Street Road, Bensalem PA 19020

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☑

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/16/2011 _____ _____ ARK2404
                       Attorney-at-Law                        Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/16/2011 _____ _____ ARK2404
                       Attorney-at-Law                        Attorney I.D.# 91538

CIV. 609 (6/08)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HAMMEL, JODI

**(b)** County of Residence of First Listed Plaintiff   **Bucks**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf & Karpf, P.C., Two Greenwood Square, 3331 Street Road, Suite 128, Bensalem, PA 19020
(215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

GREENWOOD GAMING AND ENTERTAINMENT, INC. d/b/a PARX CASINO

County of Residence of First Listed Defendant   **Bucks**

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
American's with Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE   12/16/2011

SIGNATURE OF ATTORNEY OF RECORD